UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**KHADEEJAH JEFFERY, and CARLTON JONSON,**<br><br>**Defendants.** | **Criminal No. 25-MJ-177 (MJS)** |

## MOTION TO DISMISS COMPLAINT WITHOUT PREJUDICE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure to dismiss the complaint against Khadeejah Jeffery and Carlton Jonson without prejudice.

Pursuant to Rule 48(a), the government may dismiss an indictment, information, or complaint with leave of the Court. Fed. R. Crim. P. 48(a); see also *United States v. Poindexter*, 719 F. Supp. 6 (D.D.C. 1989). "[T]he Supreme Court has declined to construe Rule 48(a)'s 'leave of court' requirement to confer any substantial role for courts in the determination whether to dismiss charges." *United States v. Fokker Servs. B.V.*, 818 F.3d 733, 742 (D.C. Cir. 2016). The principal object of the "leave of court" requirement has been understood to protect a defendant against prosecutorial harassment when the government moves to dismiss charges over the defendant's objection. *Id.* (citing *Rinaldi v. United States*, 434 U.S. 22, 29 n. 15 (1977)).

As a general matter, Rule 48(a) allows the court to reject the government's motion to dismiss without prejudice only in "exceptional" cases due to the "strong presumption in favor of a no prejudice dismissal." *United States v. Borges*, 153 F. Supp. 3d 216, 219 (D.D.C. 2015). *See also, e.g.*, *United States v. Trump*, 757 F. Supp. 3d 82, 83 (D.D.C. 2024) ("When a prosecutor

moves to dismiss an indictment without prejudice, there is a strong presumption in favor of that course. A court may override the presumption only when dismissal without prejudice would result in harassment of the defendant or would otherwise be contrary to the manifest public interest." (citations and quotation marks omitted)).

Here, after careful review, the government has determined that the interests of justice favor prosecution in D.C. Superior Court over continued federal prosecution. Ms. Jeffery is charged in Superior Court Case Number 2025 CMD 9586. Mr. Jonson is charged in Superior Court Case Number 2025 CMD 9568. Accordingly, the government respectfully moves to dismiss the complaint without prejudice. This motion is made in good faith, is not intended to harass the defendant, and is consistent with the public interest.

Respectfully submitted,

Jeanine Ferris Pirro
United States Attorney

By:    */s/ Jacob M. Green*
JACOB M. GREEN
MA Bar No. 706143
Assistant United States Attorney
601 D Street, N.W.
Washington, DC 20530
(202) 803-1617
Jacob.green3@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KHADEEJAH JEFFERY, and<br>CARLTON JONSON,<br><br>**Defendants.** | Criminal No. 25-MJ-177 (MJS) |

### ORDER

Upon consideration of the government's motion to dismiss the complaint without prejudice, and for good cause shown, it is hereby: ORDERED that the motion is GRANTED. The complaint against Ms. Jeffery and Mr. Jonson is hereby DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

Date: _____

_____
MATTHEW J. SHARBAUGH
United States Magistrate Judge

3